UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY MENGES ) | Case Number: 09-cv-5491 |
| ) | |
| **Plaintiff** ) | |
| ) | AMENDED |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| LAW OFFICE OF THOMAS LANDIS ) | |
| and ) | JURY TRIAL DEMANDED |
| APM FINANCIAL SOLUTIONS, LLC ) | |
| ) | |
| **Defendants** ) | |

## AMENDED COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Holly Menges, by and through her undersigned counsel,

Bruce K. Warren, Esquire and Brent F. Vullings, Esquire and of Warren & Vullings, LLP,

complaining of Defendants' and respectfully avers as follows:

## I.      INTRODUCTORY STATEMENT

1.      Plaintiff, Holly Menges, is an adult natural person and brings this action for

actual and statutory damages and other relief against Defendants' for violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

## II.    JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendants' transact business in this District.

## III.    PARTIES

4.      Plaintiff, Holly Menges ("Plaintiff") is an adult natural person residing at 1811 Kelliwoods Trail Court, Katy, Texas 77450.

5.      Defendant, Law Office of Thomas Landis ("Landis"), at all times relevant hereto, is and was a law firm engaged in the business of collecting debt within the State of Texas and the Commonwealth of Pennsylvania with its principal place of business located at Four Greenwood Square, 3325 Street Road, Suite 220, Bensalem, PA 19020.

6.      Defendant, APM Financial Solutions LLC ("APM"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of New Jersey with a registered office located at 100 Canal Pointe Blvd. Ste 108, Princeton, NJ 08540-7063.

7.      Defendants' are engaged in the collection of debts from consumers using the telephone and mail.  Defendants' regularly attempt to collect consumer debts alleged to be due to another.  Defendants' are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

8.     On or about October 22, 2009, Plaintiff's mother began receiving messages from agents of the Defendant APM, who are supervised by Landis,  stating that her daughter owed an outstanding debt from a car loan in an amount exceeding $10,000.00.

9.     On that same day the Plaintiff called the phone number left by the APM agents, however, the call was answered as "Law Office"; during the call Plaintiff asked that Defendants not call her mother's home again.  The agent for the Defendants APM and Landis, who answered the call, did not respond in any way just quickly hung-up on the Plaintiff.

10.     On or about October 23, 2009, the Plaintiff's mother received another phone call from Defendant APM's agents asking the whereabouts of the Plaintiff and informing Plaintiff's mother of her outstanding debt.

11.     On or about October 26, 2009, the Plaintiff called the  same number  and again asked them to stop calling her mother's home.  An agent for the Defendants told Plaintiff that this was the number that she had given them to call.  Plaintiff explained that she would not have done that since she had not lived in that location in over twenty (20) years.

12.     During that same phone call the Defendants' agent then demanded that the Plaintiff get out her check book because she owed a lot of money and they wanted it that day.

13.     On that same call the Defendants' agent told the Plaintiff that if she failed to set up some kind of payment arrangement that day that she would be facing garnishment.

14.     Plaintiff asked Defendants' agent how they would be able to garnish her wages since Texas does not have garnishment.  The agent responded that since there firm was located in Pennsylvania, they would go by Pennsylvania law.

15.     Plaintiff was told that if she did not make a payment that day they would be filing suit against her.

16.     Defendants' agent threatened the Plaintiff with sending someone to arrest her if she did not make payment arrangements.

17.     Additionally on this call, the Plaintiff continuously asked the Defendants' agent for her name.  The Defendants' agent refused to give her name stating that it didn't matter what her name was because she just needed to worry about getting her bills paid.

18.     Defendants' agent told the Plaintiff that she had better just pay up because she was "not the one to try and argue with, because she would lose".

19.     On or about November 7, 2009, Defendants' agent placed yet another call to the Plaintiff's mother's home informing her again of the Plaintiff's debt.

20.     On or about November 10, 2009, Plaintiff's mother received an automated call from the Defendants.  The call said to press #2 if you are **not** "Holly Menges", however after several attempts at choosing option #2, the message in regards to the debt continued to play.

21.     Plaintiff has not received anything in writing from the Defendants' up to the filing of this complaint.

22.     Plaintiff's mother continues to receive calls on a daily basis from the Defendants'.  Plaintiff's mother no longer answers any of these calls.

23.     The Defendants' acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

24.     The Defendants knew or should have known that their actions violated the FDCPA.  Additionally, Defendants' could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25.     At all times pertinent hereto, Defendants were acting by and through agents, servants and/or employees, who were acting within the scope and course of their employment and under the direct supervision and control of Defendants herein.

26.     At all times pertinent hereto, the conduct of the agents, servants and/or employees, was done at the direction of Defendant Landis an attorney and APM the employer in fact of the  agents.

27.     As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

28.     The above paragraphs are hereby incorporated herein by reference.

29.     At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692b(1)    Contact of Third Party: Failed to identify themselves, or failed to state that the collector is confirming or correcting location information

§§ 1692b(2)    Contact of Third Party: Stated that the consumer owes any debt

§§ 1692b(3)    Contact of Third Party: Contacted a person more than once, unless requested to do so

§§ 1692c(a)(1)At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

§§ 1692c(b)    With anyone except consumer, consumer's attorney, or credit bureau concerning the debt

§§ 1692d    Any conduct the natural consequence of which is to harass, oppress or abuse any person

§§ 1692d(2)    Profane language or other abusive language

§§ 1692d(5)    Caused the phone to ring or engaged any person in telephone conversations repeatedly

§§ 1692d(6)   Placed telephone calls without disclosing his/her identity

§§ 1692e   Any other false, deceptive, or misleading representation or means in connection with a debt collection

§§ 1692e(2)   Character, amount, or legal status of the alleged debt

§§ 1692e(4)   Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment

§§ 1692e(5)   Threaten to take any action that cannot legally be taken or that is not intended to be taken

§§ 1692e(10)   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§§ 1692g   Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants', Law Office of Thomas Landis and APM Financial Solutions, LLC and Order the following relief:

a.   Declaratory judgment that the Defendant's conduct violated the FDCPA;

b.   Actual damages;

      c.       Statutory damages pursuant to 15 U.S.C. §1692k;

      d.       Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

      e.       Such addition and further relief as may be appropriate or that the interests of justice require.

## V.    **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  December 1, 2009**      **BY: /s/ Bruce K. Warren**
      Bruce K. Warren, Esquire

      **BY: /s/ Brent F. Vullings**
      Brent F. Vullings, Esquire

      Warren & Vullings, LLP
      1603 Rhawn Street
      Philadelphia, PA  19111
      215-745-9800   Fax 215-745-7880
      Attorney's for Plaintiff